Argued and submitted December 16, 1987, affirmed May 11, 1988

SEAL ROCK WATER DISTRICT,
*Respondent,*

*v.*

CITY OF TOLEDO,
*Appellant.*

(44305; CA A43214)

754 P2d 8

Jeffrey M. Batchelor, Portland, argued the cause for appellant. With him on the briefs were Daniel Ousley, Toledo, DeMar L. Batchelor, Schwenn, Bradley, Batchelor, Brisbee &

Stockton, Hillsboro, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Eugene K. Richardson, Newport, argued the cause for respondent. With him on the brief was Richardson, Ouderkirk & Hollen, Newport.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the trial court's judgment for plaintiff which was entered after the trial court conducted proceedings pursuant to our remand in *Seal Rock Water Dist. v. City of Toledo,* 77 Or App 251, 712 P2d 174 (1986). The relevant facts are stated in that opinion, and we will not repeat them. Although defendant makes six assignments of error, its arguments present only two principal points; both relate to the correctness of the trial court's understanding and application of our earlier opinion.

Defendant argues, first, that the trial court was wrong in its view that we had construed the parties' contract as establishing a "but for" measure of defendant's costs of treating and delivering water to plaintiff. We said that the "parties intended that plaintiff would pay those costs of treating and delivering water to plaintiff which defendant would not otherwise incur." 77 Or App at 258. However, defendant maintains that our opinion as a whole did not limit the trial court to considering only defendant's incremental costs attributable to those services for plaintiff, but enabled it to consider also the other kinds of cost data which defendant presented on remand.

Defendant's second point is that the trial court incorrectly understood our decision as foreclosing consideration of defendant's "non-capital expenses in the operation of its water treatment facilities" as components "in the calculation in [*sic*] the cost of treating and delivering water." However, we said in our earlier opinion that "[p]laintiff's [contractual] contribution to the 'capital improvements' covered all of its obligations for defendant's facilities." 77 Or App at 257.

The trial court correctly understood our opinion in both particulars.

Plaintiff has moved for damages under ORS 19.160. The motion is denied.

Affirmed.